IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No.: 4:14-cv-348 |
| STEVEN MCCRAW, | | |
| Defendant, | | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Court held a hearing on Plaintiff's Motion for Determination of Amount of Civil Penalty (Dkt. 16) on October 6, 2015. Having considered the evidence and argument presented, the Court recommends that the motion be GRANTED as set forth below.

This action was filed on May 30, 2014 by the Securities and Exchange Commission ("the Commission") against Defendant Steven McCraw, arguing that Defendant aided and abetted Kevin White in a fraudulent securities scheme and committed other violations of the Securities Act. Dkt. 1. The Commission requested permanent injunctive relief against Defendant, an order that Defendant disgorge any ill-gotten gains and pay prejudgment interest, and an order that Defendant pay an appropriate civil monetary penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). *Id.*

On June 4, 2014, the Commission filed an Unopposed Motion to Enter Interlocutory Judgment, indicating that the Commission and Defendant had reached an agreement resolving the claims for injunctive relief and the amounts for disgorgement and prejudgment interest, leaving only

1

the claim for civil penalties unresolved. Dkt. 3. On June 17, 2014, Defendant, through counsel, filed a notice indicating that "he consents to the terms of the proposed interlocutory judgment against him." Dkt. 7. On June 19, 2014, the undersigned recommended that the unopposed interlocutory judgment be entered, and, with no objections filed to that report, the Court entered an Interlocutory Judgment as to Defendant Steven McCraw on April 1, 2015. *See* Dkt. 15.

The Court's April 1, 2015 Interlocutory Judgment as to Defendant Steven McCraw entered a permanent injunction against him and ordered him to pay a disgorgement amount of $111,800, and prejudgment interest in the amount of $922.86. Dkt. 15. The Interlocutory Judgment also ordered Defendant to pay a civil penalty in an amount to be determined later on motion by the Commission. *Id.*

On June 1, 2015, the Commission filed its Motion for Determination of Amount of Civil Penalty. Dkt. 16. In the motion, the Commission asks that the Court impose the maximum third-tier penalty against Defendant. The Commission also requests that, once the Court determines the penalty amount, the Court incorporate the penalty and the terms of the Interlocutory Judgment into a Final Judgment in this matter.

In response, Defendant argues that the Court should find that no additional civil penalty should be imposed and that Defendant should only be required to pay the disgorgement amount of $111,800.00 plus prejudgment interest of $922.86 less the $71,000.00 previously paid to the Court Receiver in *Securities and Exchange Commission v. White, et al*; Civil Action No. 4:13-CV-0383, also pending in this District. Defendant further argues that the Commission has significantly overstated the seriousness, the scope, and the amount of Defendant's involvement in Kevin White's

criminal conduct. Defendant asks that, if the Court determines that the imposition of a civil penalty is appropriate, it be reduced significantly in light of the Defendant's demonstrated current and future financial condition.

**STANDARD FOR DETERMINATION OF MONEY PENALTIES IN CIVIL ACTIONS FILED UNDER THE SECURITIES ACT**

In determining the amount of money penalties to be assessed in certain civil actions, the Securities Act provides as follows:

(2) Amount of penalty

(A) First tier

The amount of the penalty shall be determined by the court in light of the facts and circumstances. For each violation, the amount of the penalty shall not exceed the greater of (i) [$7,500] for a natural person..., or (ii) the gross amount of pecuniary gain to such defendant as a result of the violation.

(B) Second tier

Notwithstanding subparagraph (A), the amount of penalty for each such violation shall not exceed the greater of (i) [$80,000] for a natural person ..., or (ii) the gross amount of pecuniary gain to such defendant as a result of the violation, if the violation described in paragraph (1) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement.

(C) Third tier

Notwithstanding subparagraphs (A) and (B), the amount of penalty for each such violation shall not exceed the greater of (i) [$160,000] for a natural person ..., or (ii) the gross amount of pecuniary gain to such defendant as a result of the violation, if--

**(I)** the violation described in paragraph (1) involved fraud, deceit, manipulation, or deliberate or reckless disregard of a

> regulatory requirement; and
>
> **(II)** such violation directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

15 U.S.C. § 77t(d); *see also* 17 C.F.R. Pt. 201, Supt. E, Table V (amending fine amounts as indicated in brackets).

As noted in the Commission's motion, other factors are relevant in determining whether a civil penalty is appropriate and, if so, in what amount. These factors are: (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's *scienter*; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; (5) whether the defendant has admitted wrongdoing; and (6) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition. *SEC v. Razmilovic*, 822 F. Supp. 2d 234, 280 (E.D. N.Y. 2011); *SEC v. Colonial Inv. Mgmt. LLC*, 659 F. Supp. 2d 467, 503 (S.D. N.Y. 2009); *see SEC v. Snyder*, 2006 WL 6508273, at *11 (S.D. Tex. Aug. 22, 2006) (citing *SEC v. Lybrand*, 281 F. Supp.2d 726, 730 (S.D. N.Y. 2003)).

**EVIDENCE PRESENTED**

At the October 6, 2015 hearing, the Commission offered into evidence the following: (1) May 30, 2014 Complaint, filed in *SEC v. McCraw,* Cause No. 4:14-CV-00348 (Doc 1); (2) May 27, 2014 Consent of Defendant Steven McCraw, filed in *SEC v. McCraw*, Cause No. 4:14-CV-00348 (Doc 4-1); (3) June 17, 2014 Notice of Consent, filed in *SEC v. McCraw*, Cause No. 4:14-CV-00348 (Doc 7); (4) April 1, 2015 Interlocutory Judgment as to Defendant Steven McCraw, filed in *SEC v. McCraw*, Cause No. 4:14-CV-00348 (Doc 15); (5) June 1, 2015 Plaintiff's Motion for Determination

of Amount of Civil Penalty and Brief in Support, filed in *SEC v. McCraw*, Cause No. 4:14-CV-00348 (Doc 16); (6) August 5, 2015 Defendant's Response to Securities and Exchange Commission's Motion for Determination of Amount of Civil Penalty, filed in *SEC v. McCraw*, Cause No. 4:14-CV-00348 (Doc 21) (7) December 20, 2012 Email from Steve McCraw to Kevin White Re: Forex; (8) December 20, 2012 Email from Steve McCraw to Kevin White Re: Forex; (9) January 17, 2013 Email from Steve McCraw Re: Forex and attaching Revelation Forex Fund Brochure and KGW Newsletter; (10) January 17, 2013 Email from Steve McCraw Re: Forex and attaching Revelation Forex Fund Brochure and KGW Newsletter; (11) February 8, 2013 Email from Steve McCraw Re: New Website; (12) February 12, 2013 Email from Steve McCraw Re: New web address; (13) April 1, 2013 Email from Steve McCraw Re: KGW Slogans; (14) April 23, 2013 Email from Steve McCraw Re: KGW Revelation Return vs Risk Calculations; (15) April 23, 2013 Email from Steve McCraw Re: 2009 Annualized Return – RFF; (16) April 23, 2013 Email from Steve McCraw Re: Revelation Fund Results Illustrating Monthly Compounding; (17) April 23, 2013 Email from Steve McCraw Re: Data of Total Ruturn? [sic]; (18) April 24, 2013 Email from Steve McCraw Re: Thank You; (19) April 25, 2013 Email from Steve McCraw Re: 24 FX Management Ltd Fund Information – Return Calculation.xlsx; (20) April 25, 2013 Email from Steve McCraw Re: Elite 10 Ranking; (21) April 25, 2013 Email from Steve McCraw Re: KGW Capital Management Newsletter – 2nd Quarter 2013; (22) April 26, 2013 Email from Steve McCraw Re: Forex Fund – Return Calculation.xlsx; (23) April 29, 2013 Email from Steve McCraw Re: KGW Revelation Return vs Risk Calculations SM Revised 4.29.2013.xlsx; (24) April 29, 2013 Email from Steve McCraw Re: KGW Revelation Return vs Risk Calculations SM Revised 4.29.2013.xlsx; (25)

April 29, 2013 Email from Steve McCraw Re: KGW Revelation Return vs Risk Calculations SM Revised 4.29.2013.xlsx; (26) April 30, 2013 Email from Steve McCraw Re: Revised Revelation Fund Metrics; (27) May 1, 2013 Email from Steve McCraw Re: Banner ad for Las Vegas newspaper; (28) May 1, 2013 Email from Steve McCraw Re: Fund Info; (29) May 2, 2013 Email from Steve McCraw Re: RFF booklet presentation with SM Revisions 5.2.2013.pptx; (30) May 3, 2013 Email from Steve McCraw Re: Brochure Revelation Compared to Major Indexes RFF_EN Groth 5.2.2013.xls; (31) May 9, 2013 Email from Steve McCraw Re: Most Frequently Asked RFF Questions; (32) June 1, 2013 Email from Steve McCraw Re: 2013 Shanghai Finance & Investment Expo; (33) June 24, 2013 Email from Kevin White to Jill Waterston with cc to Steve McCraw Re: KGW Capital Investment Record – Updated 6-24-13; and (34) July 2, 2013 Email from Steve McCraw Re: RFF Performance and Comparison to Major Indexes through June 2013-07.02.2013.xlsx. There being no objections to their admission by Defendant, these exhibits were admitted.

Defendant offered the following exhibits: (1) Exhibit "A" Defendant's Response to Securities and Exchange Commission's Motion for Determination of Amount of Civil Penalty; (2) Exhibit "B" Mutual Release between Cody Savage and Kelly M. Crawford, Receiver; (3) Exhibit "C" Mutual Release between Christine Xu and Kelly M. Crawford, Receiver; (4) Exhibit "D" Mutual Release between Jill Waterston and Kelly M. Crawford, Receiver; (5) Exhibit "E" Kevin White Factual Statement in Cause No. 4:13-CR-258; *USA v. Kevin White*; (6) Exhibit "F" Kevin White Judgment in a Criminal Case in Cause No. 4:13-CR-258; *USA v. Kevin White*; (7) Exhibit "G" Petition No. 2 - Unopposed Motion for Expedited Order Lifting Asset Freeze to Permit Sale of Meridian Propane

LP's Assets, and Brief in Support in Cause No. 4:13-CV-383; *Securities and Exchange Commission v. Kevin G. White, et al.*; (8) Exhibit "H" Receiver's Notice of Sale Regarding Assets of Meridian Propane, LP in Cause No. 4:13-CV-383; *Securities and Exchange Commission v. Kevin G. White, et al.*; (9) Exhibit "I" Plaintiff's Original Petition in Cause No. 429-00075-2014; Kelly M. Crawford v. Weaver & Tidwell, LLP, et al; and (10) Exhibit "J" Agreed Motion to Dismiss Defendant Weaver & Tidwell, LLP with Prejudice and Agreed Order Dismissing Defendant Weaver & Tidwell, LLP with Prejudice in Cause No. 429-00075-2014; *Kelly M. Crawford v. Weaver & Tidwell, LLP, et al.* There being no objection to their admission, these exhibits were also admitted and made part of the evidentiary record herein.

## ANALYSIS

As to Defendant's argument that no civil penalty should be awarded, the Interlocutory Judgment clearly provides that "Defendant ... is also liable for a civil penalty in the amount to be determined by the Court." Dkt. 15 at 4. Not only has there been no appeal of this order by Defendant or objections to the Magistrate Judge's report and recommendation that the Interlocutory Judgment be entered containing such a provision, the language of the Court's Interlocutory Judgment was unopposed by Defendant when submitted to the Court. *See* Dkts. 3, 7 (Defendant "consents to the terms of the proposed interlocutory judgment against him.") & 8.

Defendant consented to an award of a civil penalty. The dispute left for resolution by this Court is the amount to be awarded.

For purposes of determining the civil penalty, as noted by the Commission in its motion and at the hearing, in his signed consent form, Defendant agreed that, in connection with the

7

Commission's motion to determine the civil penalty, he is precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; he cannot challenge the validity of the permanent injunction entered against him; and the allegations in the Commission's complaint must be accepted and deemed true. *See* Dkt. 4-1 at ¶5 (Consent of Defendant Steven McCraw, executed on May 27, 2014). Defendant also agreed that the Court may decide this motion based on affidavits, declarations, excerpts of sworn deposition or investigative testimony, or other documentary evidence, without regard to the standards for summary judgment in the Federal Rule of Civil Procedure Rule 56(c). *Id.*

The Commission argues that Defendant's conduct, as established by the facts alleged in the complaint, warrants a third-tier penalty and that Defendant should be assessed a third-tier civil penalty to deter him and others from committing fraud. Although the Commission declined to state a specific amount requested, the Commission argued that, based on the facts in this case, the Court *could* construe Defendant's actions into three discrete categories of misconduct with a penalty of $160,000 for each of those categories.

Having considered the argument and evidence presented, the Court finds that the evidence supports a finding of a third-tier violation under 15 U.S.C. § 77t(d)(2)(C). The allegations contained in the Commission's complaint – which are deemed as true pursuant Defendant's consent – indicate egregiousness and knowing conduct. Although the Court declines to find that Defendant's conduct was knowingly fraudulent, his actions in creating the "EliteForexFunds.com" website were substantial and certainly rose to a level of deceit and manipulation of potential investors of which he was aware. Defendant conceded at the hearing that his conduct was "reckless," and the Court

finds that the record here evidences a reckless disregard of a regulatory requirement under securities law. The Court further finds that Defendant's conduct directly and indirectly resulted in substantial losses or created a significant risk of substantial losses to potential investors relying upon what they thought to be an independent ranking service. A third-tier violation has been established.

As to the amount of the penalty for Defendant's third-tier violation, the statute provides that the amount may not exceed $160,000 or the gross amount of pecuniary gain to Defendant, which in this case was approximately $111,800. 15 U.S.C. § 77t(d); *see also* 17 C.F.R. Pt. 201, Supt. E, Table V. Although the Commission's motion argues that Defendant's conduct can be treated as three separate categories of misconduct, the Court finds that such a distinction is not necessary given the facts before it.

Defendant has offered evidence of his current financial condition. *See* Dkt. 22-1. The Court has considered his current net worth, his liabilities and assets, and his anticipated obligations. In light of his current financial condition and mindful of the fact that he has consented to many of the findings against him regarding his role in the fraudulent scheme, the Court finds that the appropriate third-tier penalty in this case for all of the violations for which Defendant was charged is $50,000.

For these reasons and in accordance with the Interlocutory Judgment entered on April 1, 2015, Plaintiff's Motion for Determination of Amount of Civil Penalty (Dkt. 16) should be GRANTED and a civil penalty in the amount of $50,000 should be assessed against Defendant Steven McCraw for the conduct giving rise to this suit.

The Court further recommends that a final judgment be entered against Defendant incorporating the terms of the penalty and the terms of the Interlocutory Judgment.[1]

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 2nd day of November, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[1]The parties are directed to submit any proposed final judgment incorporating the penalty and the terms of the Interlocutory Judgment within 14 days of service of this report and recommendation. Such submission may be made subject to any objections filed.