# ** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.: 4:14-CV-0348 |
| STEVEN MCCRAW, | § § § | |
| Defendant. | § | |

## FINAL JUDGMENT

Plaintiff Securities and Exchange Commission, having filed a Complaint, and Defendant Steven McCraw, having entered a general appearance; consented to the court's jurisdiction over Defendant and the subject matter of this action; consented to the entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph VIII); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from participating, directly or indirectly, including but not limited to through any other entity owned or controlled by them, in the issuance, purchase, offer, or sale of any security, provided however, that such permanent injunction shall not prevent Defendant from purchasing or selling securities for their own account.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $111,800, as a result of the conduct alleged in the Complaint, offset by payments of $71,000 Defendant made pursuant to a separate settlement agreement with the court-appointed receiver in *SEC v. Kevin G. White, et al.*, Case No. 4:13-cv-0383 (E.D. Tex.) (filed July 9, 2013), plus prejudgment interest (on the difference between those sums, which is $40,800) in the amount of $922.86, and is also liable for a civil penalty in the amount of $50,000.  Defendant shall satisfy this obligation by paying the sum of $91,722.86 pursuant to the terms of the payment schedule set forth in Paragraph VII below after entry of this Final Judgment.

VI.

The Commission may propose a plan to distribute the disgorgement, prejudgment interest and penalty (hereinafter "Judgment Amount") ordered to be paid herein subject to the Court's

*SEC v. McCraw*                                                              Page 4
FINAL JUDGMENT

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair

Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The court shall retain

jurisdiction over the administration of any distribution of the Fund.  If the Commission staff

determines that the Fund will not be distributed, the Commission shall send the funds paid

pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil

penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such

a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty

Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset

to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall

not be deemed an additional civil penalty and shall not be deemed to change the amount of the

civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor

Action" means a private damages action brought against Defendant by or on behalf of one or

more investors based on substantially the same facts as alleged in the Complaint in this action.

VII.

Defendant shall pay the Judgment Amount of $91,722.86 directly to the court-appointed receiver in *SEC v. Kevin G. White, et al.*, Case No. 4:13-cv-0383 (E.D. Tex.), who may then distribute the Judgment Amount pursuant to Fair Fund provisions described above.

Defendant shall pay the Judgment Amount to the receiver, at Kelly M. Crawford, Receiver, Scheef & Stone, LLP, 500 N. Akard Street, Suite 2700, Dallas, Texas 75201, as follows:  the sum of $50,000 shall be due 14 days after the entry of the Final Judgment in this case; 11 installments of $1,500 each shall be due on the same date each month as the date this Final Judgment is signed (the first installment thus being due 30 days after this Final Judgment is signed); the final 12th installment will be in the amount of $25,222.26 and will be due 12 months from the date this Final Judgment is signed.  Payments shall be deemed made on the date they are received by the receiver and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961, on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by

law) at any time after default on any payment due pursuant to this paragraph, as described above. The receiver shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending an order concerning distribution of the funds issued by the court in the related action, *SEC v. Kevin G. White, et al.*, Case No. 4:13-cv-0383 (E.D. Tex.).  By making the payments required hereunder, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**So ordered and signed on**

**Dec 11, 2015**

_____

Ron Clark, United States District Judge


Approved as to form:


_/s/  Janie L. Frank_
Janie L. Frank
Texas Bar No. 07363050
SECURITIES AND EXCHANGE COMMISSION
Burnett Plaza, Suite 1900
801 Cherry St., Unit #18
Fort Worth, TX 76102-6882
Telephone: (817) 978-6478
Facsimile:  (817) 978-4927 (fax)
Frankj@sec.gov
COUNSEL FOR PLAINTIFF

_/s/  Michael P. Gibson_
Michael P. Gibson
Texas Bar No. 07871500
BURLESON, PATE & GIBSON, L.L.P.
900 Jackson Street, Suite 330
Dallas, Texas 75202
Telephone: (214) 871-4900
Facsimile:  (214) 871-7543
mgibson@bp-g.com
COUNSEL FOR DEFENDANT
STEVEN MCCRAW